```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

ANITA BISHOP,                        )
                                     )
               Plaintiff,            )
                                     )
                                     )  Case No. CIV-19-160-KEW
                                     )
COMMISSIONER OF THE SOCIAL           )
SECURITY ADMINISTRATION,             )
                                     )
               Defendant.            )
```

## OPINION AND ORDER

Plaintiff Anita Bishop (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 57 years old at the time of the decision. She has a high school education plus one year of college and worked in the past as a janitor and sandwich maker. Claimant alleges an inability to work beginning on March 9, 2013, due to limitations resulting from hypertension, hypothyroidism, depression, primary biliary cirrhosis (PBC), anxiety disorder, alcohol abuse disorder (in remission), and gastroesophageal reflux disease (GERD).

## Procedural History

On July 18, 2016, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and for supplemental security income benefits pursuant to Title XVI (42

U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 14, 2018, ALJ Deirdre O. Dexter conducted an administrative hearing from Tulsa, Oklahoma, at which Claimant was present and participated. On September 17, 2018, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on March 18, 2019, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step two of the sequential evaluation. She determined that while Claimant suffered from medically determinable impairments, Claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve consecutive months and, therefore, her impairments were not severe.

### Errors Alleged for Review

Claimant asserts the ALJ committed error because the step-two finding is unsupported by substantial evidence.

### Step-Two Evaluation

In her decision, the ALJ found Claimant suffered from medically determinable impairments of hypertension, hypothyroidism, depression, PBC, anxiety disorder, alcohol abuse

4

disorder (in remission), and GERD. (Tr. 17). She concluded that none of Claimant's conditions significantly limited her ability to perform basic work-related activities for twelve consecutive months. (Tr. 17-18). As a result, the ALJ determined Claimant was not under a disability from March 9, 2013, through the date of the decision. (Tr. 22).

Claimant argues the ALJ erred because her step-two determination that Claimant's medically determinable impairments were non-severe was not supported by substantial evidence. The ALJ discussed Claimant's diagnosis of primary biliary cirrhosis in the decision. Claimant was examined by Geoffrey Fillmore, D.O., on April 17, 2017, regarding her abnormal liver tests. Her hepatitis panel was negative, and she had no known cirrhosis and no swelling/ascites. In the review of her symptoms, Dr. Fillmore noted Claimant was not feeling poorly, and his examination findings were mostly normal. He assessed Claimant with "[e]levated liver enzymes with primarily isolated marked elevation in alkaline phosphatase concerning for possible infiltrative liver disease." (Tr. 21, 473-76).

Claimant underwent a liver biopsy on August 14, 2017. Her diagnosis was "mild to moderate portal/periportal chronic hepatitis and mild lobular hepatitis[.]" The findings were consistent with primary biliary cholangitis/cirrhosis (PBC). (Tr. 20, 394). Claimant returned to Dr. Fillmore in December of 2017,

for her first follow-up visit with him since her liver biopsy. He assessed her with primary biliary cirrhosis (stage 2-3) and started her on medication. (Tr. 21, 483-85). Claimant returned for follow up in April of 2018. Dr. Fillmore noted Claimant's noncompliance with taking her liver medication and with taking her thyroid medication, but he referenced that her labs for her liver had improved despite her noncompliance. His examination included basically normal findings, and Dr. Fillmore told Claimant she needed to be compliant with her medication. (Tr. 21, 486-88).

The ALJ also discussed the physical examination of Claimant by consultative examiner, Conner Fullenwider, M.D. Dr. Fullenwider examined Claimant on December 17, 2016, based primarily on complaints of hypertension. She complained of headaches, vision problems, swelling, and fatigue. Claimant reported that she could only sit for 45-60 minutes, stand for 15-30 minutes, walk for one to three blocks, and lift/carry five pounds repetitively and ten pounds occasionally. Upon examining Claimant, Dr. Fullenwider noted mostly normal examination findings. He found she had a steady gait, no muscle spasms, and muscle bulk, tone, and strength were within normal limits. She did not have any joint problems, could squat and rise from that position with ease, could lift, carry and handle light objects, could rise from a sitting position without assistance, could walk on heels and toes with ease, tandem walking was normal, and could stand but not hop on either foot bilaterally.

However, Claimant did have decreased sensation of her toes bilaterally. (Tr. 19, 330-37).

The ALJ further discussed Claimant's consultative mental examination by psychologist Joseph James, Ph.D., from February 7, 2017. Claimant reported to Dr. James that she was seeking disability because of stress. Based upon his observations of Claimant and her mental status examination, Dr. James believed Claimant was capable of engaging in common work/learning-related mental tasks as she appeared oriented, well kept, and could maintain adequate and appropriate eye contact. Her cognitive testing results suggested her reported difficulties were not severe enough to inhibit her ability to demonstrate basic cognitive functions. Dr. James diagnosed Claimant with major depressive disorder (unspecified, mild, provisional) and generalized anxiety disorder (provisional). Claimant's capacity to execute tasks of daily living and adaptive functioning was estimated to be intermittently impaired, "as the claimant displays a level of personal independence that is adequate given [s]ocioeconomic [s]tatus and lifestyle. Her ability to understand work/school-related activities was estimated as adequate, her ability to remember work/school-related information was estimated as adequate, her ability to concentrate and persist in work/school-related tasks was estimated to be adequate, and her ability to socially interact and adapt in a work/school-related environment

7

was estimated to be intermittently impaired based upon Claimant's history of social isolation, including appearing aloof and withdrawn. Claimant could manage her own funds. (Tr. 19-20, 340-50).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070-71 (10th Cir. 2007), quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28, 1985 WL 56856 (Jan. 1, 1985). A claimant must demonstrate she has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

8

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(1)(C)(i).

There is no merit to Claimant's contention that the ALJ erred by not finding her primary biliary cirrhosis was a severe impairment. Claimant's testimony that her liver condition caused her fatigue, musculoskeletal pain, and interfered with her ability to perform basic work activities is not enough to support a finding

of severity. To the extent the ALJ relied upon the state agency physician's opinions that Claimant did not suffer from severe impairments, opinions given prior to Claimant's diagnosis of primary biliary cirrhosis, the ALJ considered all the objective medical evidence, including Claimant's liver biopsy and her treatment with Dr. Fillmore. Other than a diagnosis, Dr. Fillmore did not note any limitations associated with Claimant's diagnosis of primary biliary cirrhosis. *See Madrid v. Astrue*, 243 F. App'x 387, 392 (10th Cir. 2007) (the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work). In fact, Claimant's examinations were generally normal, and Dr. Fillmore documented treatment, medications, and Claimant's complaints. *See Moua v. Colvin*, 541 F. App'x 794, 797-98 (10th Cir. 2013) (finding no pertinent medical opinion for the ALJ to weigh when treatment notes do not offer any medical opinions concerning abilities and limitations, but merely document complaints, pain medications, and treatment prescribed).

She also asserts that Dr. Fullenwider found she suffered from certain functional limitations as a result of her medically determinable impairments. Specifically, she references Dr. Fullenwider's finding that she had decreased sensation of the bilateral toes, which Claimant contends results in her falling. She also notes that Dr. Fullenwider limited her to lifting,

10

carrying, and handling "light" objects. However, Dr. Fullenwider's finding regarding Claimant's feet did not include specific limitations for standing and/or walking. *See Moua*, 541 F. App'x at 797. Moreover, Dr. Fullenwider did not impose limits on Claimant's lifting, carrying, and handling. He merely stated that she "was able to lift, carry and handle light objects."

Further, Claimant asserts the mental status examination by Dr. James supports a finding by the ALJ of severe mental impairments. However, the ALJ considered Dr. James's examination in detail, specifically noting the findings referenced by Claimant. (Tr. 19-20). She considered the four broad areas of mental functioning in the decision, referenced Dr. James's findings, and found that Claimant had a mild limitation in all the areas of functioning, including interacting with others and adapting and managing oneself. Because Claimant's medically determinable mental impairments caused no more than mild limitations in the functional areas, the ALJ determined they were non-severe. (Tr. 21-22).

Claimant has not sustained her burden of demonstrating that her medically determinable conditions would have anything more than a mild effect upon her ability to engage in basic work activity. As such, there is no error in the ALJ's step-two determination that Claimant's physical and mental impairments, considered singly and in combination, do not significantly limit

her ability to perform basic work activities, and are therefore, non-severe.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 28th day of September, 2020.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE